### JOSEPH ADRIEN LEBLANC *v.* MICHAEL WALSH.

A judgment was obtained by *Walsh* against *Leblanc* for the price of a slave—conditioned that no execution should issue until *Walsh* had furnished personal or mortgage security to protect *Leblanc* from disturbance, or eviction. *Walsh* executed a mortgage, and sent a sheriff with a copy of the mortgage and a *fi. fa.* to *Leblanc*. *Leblanc* enjoined the writ—and the main ground was that no formal notice of the mortgage had been given before the writ issued. *Held:* the mere issuing of the writ worked no injury to *Leblanc*. Before any attempt was made to execute it, he had notice of the execution of the mortgage, and refused to accept it, not on the ground of an informal tender, but that the mortgaged property was insufficient. It seems inequitable to allow the plaintiff to enjoin upon this mere objection of form, which he did not make at the time. He might, it is true, have reasonably objected to pay the costs of issuing the *fieri facias*—but ought to have been satisfied with the mortgage, and paid the debt.

APPEAL from the District Court, Fifth District, Parish of Terrebonne. *Randall*, J. *Mercer*, for plaintiff and appellant. *Hall*, for defendant.

SLIDELL, J. This is a case of injunction, by which the execution of a judgment was restrained.

*Walsh* obtained a judgment against *Leblanc* for the price of a slave sold by *Walsh*, but with a condition in the judgment that no execution should be issued until *Walsh* had furnished personal or mortgage security, in the sum of eight hundred dollars, to protect his vendee from disturbance, or eviction.

*Walsh* then executed a mortgage of certain land by notarial act in favor of *Leblanc*, took out a *fi. fa.*, and sent the sheriff with the writ and a copy of the act of mortgage to *Leblanc*. He refused to accept the mortgage, on the ground that the mortgaged property was not worth eight hundred dollars. That such was the ground of refusal appears by his own acknowledgment in his petition for injunction.

From the evidence in this case it appears that the property mortgaged is worth eight hundred dollars. The ground, therefore, upon which *Leblanc* refused to receive it, was untenable.

But another ground was presented in his petition for injunction which succeeded in the Court below, and that was that a formal tender of the mortgage had not been made before issuing the *fieri facias*.

The mere issuing of the writ worked no injury to *Leblanc*. Before any attempt to execute it he had notice of the execution of the mortgage, and refused to accept it, not on the ground of an informal tender, but that the mortgaged property was insufficient. It seems to us inequitable to allow the plaintiff to enjoin upon this mere objection of form, which he did not make at the time. He might, it is true, have reasonably objected to pay the costs of issuing the *fieri facias*, a very small matter, but ought to have been satisfied with the mortgage, and paid the debt.

Being of opinion that the plaintiff has resorted to the remedy of injunction without a substantial equity,

It is, therefore, decreed that the judgment be reversed, that the said *Walsh* have leave to proceed in the execution of his judgment, that the mortgage in the petition referred to stand as the security of the said *Leblanc*, for the purposes contemplated in the judgment of the District Court in the suit of *Walsh* v. *Leblanc*; that the costs of this suit in both Courts be paid by the said *Leblanc*, and that the said *Michael Walsh* recover as damages from said *J. A. Leblanc* and *Adolphe Verret*, his surety on the injunction, *in solido*, the sum of thirty dollars.